## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

HERMAN M. JERROD,      )
            )
    Plaintiff,       )
            )
    v.          )    Case No. 4:19-cv-03131-AGF
            )
ZACHARY PHILLIPS, et al.,     )
            )
    Defendants.     )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants Zachary Phillips and Caleb Kimpel's motion for summary judgment.  (Doc. No. 29).  Plaintiff appears *pro se* and filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  He initially named seven ERDCC employees as defendants in both their official and individual capacities.  This Court dismissed five of the Defendants and all official capacity claims.  Remaining is one claim against Officer Phillips and one claim against Officer Kimpel, in their individual capacities, both alleging failure to protect.  Defendants now move for summary judgment, arguing they are entitled to qualified immunity, Plaintiff has not shown Defendants failed to protect him, and Plaintiff's injuries are *de minimis* only.  (Doc. No. 30).

Plaintiff did not file a response, and the Court ordered Plaintiff to show cause why summary judgment should not be entered.  (Doc. No. 36).  Plaintiff then requested an extension of time to file a response and filed a motion to strike Defendants' motion for summary judgment as untimely.  (Doc. Nos. 39 & 40).  The Court granted Plaintiff's

motion for extension of time, (Doc. No. 41), and denied Plaintiff's motion to strike, as the motion for summary judgment was timely filed.  (Doc. No. 45).  Plaintiff requested a second extension of time to file his response, which the Court granted.  (Doc. Nos. 43 & 44).  Plaintiff then filed a motion for leave to file an amended complaint, which the Court denied, as Plaintiff did not attach a proposed amended complaint or otherwise explain how he wished to amend his complaint.  (Doc. Nos. 46 & 47).  The Court once again ordered Plaintiff to show cause why the motion for summary judgment should not be granted, giving Plaintiff until January 25, 2022 to file any response.  (Doc. No. 54). Plaintiff has not filed a response, and the time to do so has passed.  For the reasons set forth below, Defendants' motion will be granted.

**Background**

Defendants submitted a statement of material facts ("SUMF"; Doc. No. 31), supported by affidavits and citations to the record.  Under Local Rule 4.01(E), Defendants' SUMF is deemed admitted because it was not controverted by Plaintiff. Plaintiff's pro se status does not excuse him from responding to Defendants' motion "with specific factual support for his claims to avoid summary judgment," *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with Local Rule 4.01(E). Accordingly, the record establishes the following.  On December 5, 2018, Plaintiff was assigned to administrative segregation.  At approximately 7:00 a.m. that day, Plaintiff spoke with Officer Zachary Phillips and requested protective custody from his cellmate, Jacob Martin.  Plaintiff was handcuffed by Officer Phillips and a non-party officer, removed from his cell, and restrained to a bench pending transfer.  Plaintiff's hands and

2

ankles were cuffed to the bench and he could not move.  Officer Phillips attempted to escort Plaintiff to his new cell, but Plaintiff did not comply.

Officer Phillips then grabbed Plaintiff's left arm and tried to take him off the bench.  Plaintiff still refused to get up out of fear of harm.  Officer Phillips attempted to pry Plaintiff's fingers off the bench and popped Plaintiff's left pinky out of place. Plaintiff attempted to flee, and Officer Phillips wrapped his arms around Plaintiff's neck and chest and legs around Plaintiff's lower body.  Another officer arrived and escorted Plaintiff to a single man cell.

Plaintiff alleges in his complaint that Officer Phillips loudly announced that he had "a cell in C-wing for [a] special check-in," when Officer Phillips initially secured him to the bench.  (Doc. No. 1 at 4).  A "check-in" is a derogatory term for inmates who request officer assistance.  *Id*.  Plaintiff claims this comment caused him to believe the officers intended to put him somewhere unsafe and he was "absolutely terrified."  *Id*.

In their SUMF, Defendants explain that Officer Kimpel was instructed to escort Plaintiff's former cell mate, Mr. Martin, to be housed in Plaintiff's cell later that day. (SUMF ¶ 14).  Defendants do not identify the officer who gave the instruction.  *Id*. Officer Kimpel brought Mr. Martin to Plaintiff's cell.  Plaintiff alleges in his complaint that he told Officer Kimpel about his protective custody from Mr. Martin and explained that Mr. Martin was his enemy, but Officer Kimpel ignored this.  Officer Kimpel stated under oath that Plaintiff did not tell him about the protective custody and he was unaware that Plaintiff had declared protective custody against Mr. Martin.  *Id*. ¶¶ 17, 20.

Mr. Martin was then placed in Plaintiff's cell, and Officer Kimpel removed Plaintiff and Mr. Martin's handcuffs.  After Officer Kimpel left, Mr. Martin struck the left side of Plaintiff's face and the two had a physical altercation.  Another officer saw the fight and pepper sprayed Plaintiff and Mr. Martin.  The men were separated and placed in different cells.  Later, the shift sergeant, Sergeant Fenwick, realized Officer Kimpel was mistakenly told to put Mr. Martin in the wrong cell.

Plaintiff alleges in his complaint that Mr. Martin told him Officer Phillips offered to "pay Mr. Martin to beat [Plaintiff's] ass" through another officer.  (Doc. No. 1 at 6).  A Conduct Violation Report ("CVR") was issued to Mr. Martin for engaging in the physical altercation.  The CVR indicates that Mr. Martin was interviewed about the altercation and stated he attacked Plaintiff because a "CO [correctional officer] said he would pay me if I did it."  (Doc. No. 1-1 at 10).  In their SUMF Defendants reference Officer Phillips' statement under oath that he never sent another offender to harm Plaintiff.  (SUMF ¶ 11).

Plaintiff further alleges that Officer Phillips went to his cell the following day and asked "how [he] liked [his] a** whooping?"  (Doc. No. 1-1 at 4).  Officer Phillips stated under oath that he never asked Plaintiff if he "liked his a** whooping."  (SUMF ¶ 12). Plaintiff stated in his responses to interrogatories that he received no physical injuries as a result of the assault by Mr. Martin, although he does continue to suffer pain from the injury to his finger.  *Id*. ¶¶ 29–34.[1]

---

[1]    Issues related to Plaintiff's finger injury and any claim of excessive use of force have already been resolved in Defendants' favor.

**Legal Standard**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences which reasonably may be drawn [therefrom] in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).

"A disputed fact is not material unless it may affect the outcome of the suit under governing law." *Hill v. St. Louis Univ.*, 123 F.3d 1114, 1118–19 (8th Cir. 1997) (citation omitted).  Once the movant has met his burden, the nonmoving party may not rest on the allegations in his pleadings but must, by affidavit and other evidence, set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(c)(1), (e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation mark omitted).  A plaintiff's status as a pro se prisoner does not excuse him from responding to a defendant's motion "with specific factual support for his claims to avoid summary judgment." *Beck*, 253 F.3d at 333.

**Discussion**

Defendants raise four arguments in favor of summary judgment.  First, Defendants claim that Plaintiff has not shown the Defendants were personally involved in the

5

incident.  Second, Defendants claim there is no material question of fact in dispute as to

Plaintiff's § 1983 claim for failure to protect, and as such they are entitled to summary

judgment as a matter of law.  Third, Defendants claim Plaintiff's injuries are *de minimis*.

Finally, Defendants claim they are entitled to qualified immunity.  Because Plaintiff's

injuries on his failure to protect claim are *de minimus* as a matter of law, the Court

concludes that Defendants are entitled to summary judgment.[2]

### *De Minimis* **Injury**

Defendants argue they are entitled to summary judgment because Plaintiff suffered

at most a *de minimis* injury.  For a failure to protect claim, "the inmate must show that he

is incarcerated under conditions posing a substantial risk of serious harm."  *Farmer v.

Brennan*, 511 U.S. 825, 834 (1994); *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir.

1998) (plaintiff is required to allege that defendant was aware of facts from which

defendant could infer the existence of a substantial risk of serious harm to him).

"Determining what satisfies the sufficiently serious injury requirement is also claim-

dependent."  *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).  In its prior Order, the

Court concluded that Plaintiff's complaint was sufficient, as assault by a fellow inmate

---

[2]      Based on their affidavits and the uncontested SUMF, Defendants assert that
Plaintiff has not pointed to any facts supporting his claims that Defendants did not take
reasonable steps to protect him.  The Court notes, however, that as part of his complaint,
Plaintiff attached two statements by inmate Martin, which statements provide some
support for Plaintiff's claims.  At the end of each statement Martin states, "I certify under
penalty of perjury that the foregoing statement is true and correct."  (Doc. No. 1, Ex. 2).
But the Court need not determine whether and to what extent Martin's statements give
rise to material issues of fact, because the Court finds Defendants are entitled to judgment
in any event as Plaintiff's injuries are *de minimus*

constitutes "serious harm" for purposes of assessing whether the conditions posed a substantial risk of serious harm.  (Doc. No. 10, at 9, 14) (citing *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996).  But that does not end the inquiry.  "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, at 448.  "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Id.*  Therefore, a *de minimis* injury cannot form the basis of a failure to protect claim. *Id.*  "No clear line divides *de minimis* injuries from others." *Id.*

Plaintiff alleges he was struck by Mr. Martin in the left side of his face and the two engaged in a physical struggle.  In response, an officer pepper sprayed Plaintiff and Mr. Martin to break up the fight.  Although Plaintiff did receive medical attention for his pinky, he did not indicate that he required medical attention as a result of the altercation or the pepper spray.  Additionally, Plaintiff stated that he received no physical injuries, conditions, symptoms, pain, suffering, or mental anguish as a result of the altercation. (SUMF ¶¶ 29–34).

The Court concludes that Plaintiff suffered at most a *de minimis* injury.  Plaintiff was struck in the face, but as established by his own admissions, he did not suffer any physical injuries as a result of his altercation with Mr. Martin.  *See Wyatt v. Delaney*, 818 F.2d 21, 22–24 (8th Cir. 1987) (a light, accidental blow to the face that caused two small scratches inside the prisoner's mouth was *de minimis*); *Chavero-Linares v. Smith*, No. 12-CV-42-LRR, 2013 WL 5655559, at *7 (S.D. Ia. Oct. 15, 2013)(citing cases).  *See also Andrews v. Fuoss*, 417 F.3d 813, 815–18 (8th Cir. 2005) (finding a sheriff's forceful

blow to the shoulder that left plaintiff with a sore neck, arm, and shoulder as well as a headache and increased post-traumatic stress symptoms is *de minimis*); *Headrick v. Steph*, No. 4:19-CV-920 ACL, 2019 WL 6050718, at *5 (E.D. Mo. Nov. 15, 2019) (allegations that a plaintiff slipped and fell in a non-handicap shower, was in pain at the time of the fall and received some treatment for skin scrapes, but did not suffer any ongoing pain or injury were *de minimis*).  A blow to the face that required no medical attention and resulted in no lasting symptoms, without more, is *de minimis* as a matter of law.

It is unclear whether Plaintiff is also claiming the fact that he was pepper-sprayed as injury related to these claims.[3]  However, any injury Plaintiff suffered as a result of being pepper-sprayed was also *de minimis*.  Whether an application of pepper spray violates the Eighth Amendment requires a fact-specific inquiry as to the extent of pain inflicted upon the inmate.  *Lawrence v. Bowersox*, 297 F.3d 727, 731 (8th Cir. 2002); *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000).  The use of pepper spray must be "reasonable under the circumstances," but it must not be "punitive, arbitrary, or malicious." *Treats v. Morgan*, 308 F.3d 868, 873 (8th Cir. 2002).  Injuries from pepper spray were found *de minimis* where the effects "cleared within 45 minutes" and a medical examination the following day "revealed no lingering effects." *Jones*, 207 F.3d at 495. On the other hand, injuries were not *de minimis* where inmates were soaked in pepper sprays and experienced effects that lasted for almost two years. *Lawrence*, 297 F.3d at

---

[3]     This Court previously held that Plaintiff did not adequately state a claim for excessive use of force based on the administration of the pepper spray.  (Doc. No. 10).

732 (8th Cir. 2002).  Plaintiff alleged no physical injuries as a result of being pepper-sprayed, nor does he claim the use of pepper spray to break up the fight was inappropriate.  As such, the Court concludes that any injury Plaintiff sustained as a result of the attack by Mr. Martin was *de minimis*.  Plaintiff cannot sustain his claim for failure to protect.

**Conclusion**

For the reasons set forth above, the Defendants are entitled to summary judgment on Plaintiff's claims for failure to protect.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**. (ECF No. 29).

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2022.